**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EBONE LEROY EAST,

  Plaintiff - Appellant,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS; et al.,

  Defendants - Appellees.

No. 11-16034

D.C. No. 1:09-cv-01739-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted June 26, 2012[***]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Former California state prisoner Ebone Leroy East appeals pro se from the

district court's dismissal of his 42 U.S.C. § 1983 action alleging constitutional

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    East consented to proceed before a magistrate judge. *See* 28 U.S.C.
§ 636(c).

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations in connection with a prison gang validation. We have jurisdiction under 28 U.S.C. §1291. We review de novo a dismissal under 28 U.S.C. § 1915A(a), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed East's due process and defamation claims because East failed to allege facts showing he was denied due process or deprived of a protected liberty or property interest. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison gang validation decisions need only be supported by "some evidence," and prison officials need only provide the inmate with some notice of the charges against him and an opportunity to present his views); *see also Paul v. Davis*, 424 U.S. 693, 712 (1976) (§ 1983 defamation claim requires violation of protected liberty or property interest).

The district court properly dismissed East's equal protection claim because East failed to allege facts demonstrating that defendants acted with the intent to discriminate against him on the basis of his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

The district court properly dismissed East's First Amendment claim because the prison's reliance on evidence that East associated with gang members was reasonably related to legitimate penological interests. *See Stefanow v. McFadden*, 103 F.3d 1466, 1472 (9th Cir. 1996) (prison actions affecting First Amendment

rights are permissible when reasonably related to legitimate interest of prison security); *see also Bruce*, 351 F.3d at 1289 ("It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity.").

The district court properly dismissed East's Eighth Amendment claim alleging deliberate indifference to safety because East did not allege facts showing that he was subjected to a substantial risk of serious harm as a result of his gang validation. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deliberate indifference claim requires showing that defendants knowingly disregarded a serious risk of harm to plaintiff's health or safety).

East's remaining contentions are unpersuasive.

**AFFIRMED.**

11-16034